# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

ANN ELIZABETH ALLEN CZERNER,
Trustee of the Ann Allen Czerner Trust Dated
February 5, 2018,

                    Plaintiff,

v.                                             CIVIL ACTION NO. 3:23-0704

KRISTY A. SMITH,
TROY ALLEN TUCKER,
JOYCE SOWARDS BOGESS,
STEVEN RAY HATFIELD,
LISA LYNN HATFIELD,
CHELSEA ROSE HATFIELD, and
COLUMBIA GAS TRANSMISSION, LLC,

                    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Remand (ECF No. 8) and a Motion for Amended Scheduling Order and Expedited Evidentiary Hearing (ECF No. 18) by Plaintiff Ann Elizabeth Allen Czerner, Trustee of the Ann Allen Czerner Trust Dated February 5, 2018. Also pending is a Motion to Dismiss (ECF No. 5) and Motion for Leave to File a Surreply (ECF No. 32) by Defendant Columbia Gas Transmission, LLC (hereinafter Columbia Gas). Upon review and for the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand, **DENIES AS MOOT** the Motion for Amended Scheduling Order and Expedited Evidentiary Hearing and the Motion for Leave to File a Surreply, and **DENIES WITHOUT PREJUDICE** the Motion to Dismiss.

# I.
# FACTUAL AND
# PROCEDURAL BACKGROUND

In the Amended Verified Petition for Declaratory Judgment, Plaintiff alleges that, as Trustee, she owns a landlocked parcel of property in the Teays Valley District of Putnam County, West Virginia (hereinafter referred to as the "Subject Property"). Plaintiff asserts that "[t]he topography and terrain in the area limits the options for an easement for ingress and egress" and "[t]he best and only viable easement" is a gravel road over the adjoining properties owned by Defendants Kristy A. Smith, Troy Allen Tucker, Joyce Sowards Boggess, Steven Ray Hatfield, Lisa Lynn Hatfield, and Chelsea Rose Hatfield. *Am. Verified Pet. for Dec. J.*, at ¶¶17, 18, ECF No. 1-1. The Plaintiff contends that, in 1987, there was "[a]n intermittent license to use this route . . . granted to the Armstrong Heirs (of which [she] descends]) for the limited purpose of 'timber removal[.]'" *Id.* at ¶20.[1] Additionally, although there is no "documented right of way or easement for ingress and egress" to the Subject Property, Plaintiff states that the road has been used as the only access point since "at least 1967." *Id.* at ¶¶11, 23. Despite this historic use, Plaintiff claims she no longer can use the road as she once did because Columbia Gas now claims it has exclusive right to it.

Columbia Gas states that, on December 29, 2017, the Federal Energy Regulatory Commission (FERC) granted it a certificate of public convenience and necessity to, inter alia, construct a natural gas pipeline from Marshall County, West Virginia, to Wayne County, West

---

[1]The Licensing Agreement permitted the access road to be used to remove timber from the Subject Property and for Homer and Frances Sowards to cut firewood from the Subject Property. *Dec. 8, 1987 Recorded Agreement*, ECF No. 1-1, at 10.

Virginia. *Notice of Removal*, ¶16, ECF No. 1. To construct the pipeline, it was necessary for Columbia Gas to obtain permanent and temporary easements across certain properties the pipeline traverses. *Id*. ¶17. As part of this process and in lieu of condemnation, Defendant Joyce Sowards Boggess ("Boggess") and Connie Francis Sowards Henry, f/k/a Connie Sowards Tucker ("Sowards"), voluntarily executed a Right-of-Way Agreement on or about June 26, 2017, granting Columbia Gas a perpetual easement and right-of-way for a 36" high pressure natural gas transmission pipeline to cross their property. *Id*. ¶21; *Easement and Right-of-Way Agreement*, ECF No. 1-8.[2] On the same day, they also entered into a Permanent Access Easement Agreement (the "Access Road Agreement"), which granted to Columbia Gas "**exclusive right**" to the access road that traverses the pipeline itself. *Id*. ¶¶23, 35 (emphasis original); *Permanent Access Easement Agreement*, ECF No. 1-9. Unfortunately, during the pendency of the state court action, Connie Francis Sowards Henry died. Therefore, her heirs Kristy A. Smith and Troy Allen Tucker were substituted as Defendants. *Ord. of the Cir. Ct. of Putnam Cnty.* (Sept. 6, 2023), ECF No. 1-4, at 2-3.

From the map, it appears the gravel road runs from the public road across the pipeline on the Boggess and Sowards' property, continues over the Hatfield property, and ends on Plaintiff's property. *Plat of Survey*, ECF No. 1-4, at 13. As a result of the easement and right-of-way granted to Columbia Gas, Plaintiff filed this action against the property owners on September 8, 2020, in the Circuit Court of Putnam County, West Virginia. Plaintiff maintains that she did not

---

[2]Columbia Gas states that it filed Federal Condemnation Actions against many parcels of land and hundreds of individual defendants in 2018. However, Boggess and Sowards had reached their agreements with Columbia Gas in 2017 *in lieu of* their property being condemned and before Columbia Gas states it received its certificate of public convenience and necessity from FERC.

originally name Columbia Gas as a Defendant because representatives of the company indicated it would abide with whatever the state court decided in her action against the property owners.

On July 15, 2022, a bench trial/evidentiary hearing was held, but the state court judge indicated he would not issue a final ruling until Columbia Gas was notified and agreed to the resolution. At that point, Plaintiff states Columbia Gas voiced its opposition. Therefore, on September 27, 2023, Plaintiff was granted leave to file an Amended Verified Petition for Declaratory Judgment, naming Columbia Gas as an additional Defendant. In her Amended Petition, Plaintiff asserts state law claims for Easement by Necessity (Count One), Prescriptive Easement (Count Two), Easement by Implication (Count Three), and a declaration that the December 8, 1987 Agreement is invalid for violating the Statutory Rule Against Perpetuities (Count Four).

On October 31, 2023, Columbia Gas removed the action to this Court based upon federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). Columbia Gas asserts that Plaintiff's action disregards its rights under the Access Agreement and ignores federal laws and safety standards, which include, inter alia, "49 CFR § 192.317(a)&(b) (requiring protection of transmission lines from erosion and from damages from vehicular traffic)." *Notice of Removal*, ¶38. As this action further "implicates issues under the Natural Gas Act ('NGA'), 15 U.S.C. § 717 *et seq.*, and safety standards regulated by the Pipeline Hazardous Material Safety Administration ('PHMSA') under the Pipeline Safety, Regulatory Certainty, and Job Creation Act, 49 U.S.C. § [6010a] *et seq.*[,]" Columbia Gas asserts federal question jurisdiction exists. *Id*. ¶14. To the

contrary, Plaintiff argues this action should be remanded because she only makes state law claims and removal was improper.

## II.
## DISCUSSION

Addressing Plaintiff's Motion to Remand first, the Court is mindful that it has "limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and quotation marks omitted); *see also* 28 U.S.C. § 1331 (providing that district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Under the longstanding well-pleaded complaint rule, an action "arises under" federal law "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). A defense based upon federal law or a complaint anticipating and rebutting a federal defense is insufficient to establish federal question jurisdiction. *Id.* at 393.

When a plaintiff brings a declaratory judgment action, as here, "the federal right litigated may belong to the declaratory judgment defendant rather than the declaratory judgment plaintiff." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001). Under what is referred to as the "coercive action doctrine," federal question jurisdiction will exist, even if the complaint recites only state law claims, if there are allegations "arising under federal law that the declaratory judgment defendant could affirmatively bring against the declaratory judgment plaintiff." *Id.* (citations omitted). Additionally, although "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action,' . . . a case may also arise under federal law 'where the vindication of a right

under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (footnote omitted)).

In this case, Plaintiff's declaratory action only requests that she be granted an easement and that the 1987 agreement be declared invalid under West Virginia law. None of these causes of action are created by federal law, and Columbia Gas does not argue that it could have affirmatively brought a declaratory action against Plaintiff. Nevertheless, Columbia Gas insists removal was proper because an easement cannot be granted without determining if it conflicts with federal statutes and regulations.[3]

When a state action turns on the construction of federal law, the Supreme Court held in *Gunn* that federal jurisdiction will exist "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." 568 U.S. at 258; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that, even though federal law does not create the cause of action, federal question jurisdiction may exist if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state

---

[3]In its arguments, Columbia Gas does not contend that removal is proper based upon Plaintiff's request for a declaration that the 1987 agreement is invalid for violating the Rule Against Perpetuities. Nor does it focus on Plaintiff's claims that she is entitled to an easement across the Hatfield property. Instead, Columbia Gas argues removal is proper based upon Plaintiff's claims for an easement across the Boggess and Sowards' property where the pipeline lies. Therefore, the Court limits its analysis to that argument.

judicial responsibilities"). Often referred to as the *Gunn-Grable* framework, application of these factors only confirms federal jurisdiction in a "special and small category" of cases that present "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699–700 (2006) (citation and quotation marks omitted). On the other hand, if the issue raised is merely a federal defense to the action, removal is improper. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense"); *Caterpillar*, 482 U.S. at 392 (providing that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue").

In this case, Columbia Gas argues that Plaintiff's claims depend upon the resolution of a substantial question of federal law. Specifically, it maintains the adjudication of her easement claims will require this Court to evaluate whether her use of the easement will comply with federal law. Columbia asserts that allowing Plaintiff to have unfettered use of the easement will run afoul of FERC regulations and statutes regulating the pipeline and preclude Columbia Gas from fulfilling its federal duties to maintain and protect the pipeline.

In considering the circumstances of this case under the *Gunn-Grable* framework, the Court finds helpful the Fourth Circuit's analysis in *Pressl v. Appalachian Power Co.*, 842 F.3d 299 (4th Cir. 2016). Although based upon slightly different facts than this case, the owners of piece of property filed a declaratory judgment action in state court against Appalachian Power Company

("APCO") "to build a dock on property subject to a flowage easement." 842 F.2d at 301. APCO removed the case to federal court, asserting the land at issue fell within the boundary of hydroelectric project it operated under a FERC license. *Id.* at 302. Similar to this case, APCO maintained federal jurisdiction existed because the landowners' state law claims turned on the construction of APCO's federal license. *Id.* at 303.

Applying the *Gunn-Grable* framework, the Fourth Circuit first considered whether a federal question is "necessarily raised." *Id.* APCO claimed that, as the flowage easement lies within the boundaries of the hydroelectric project, a federal question is "necessarily raised" because FERC imposes upon it a duty to regulate the dock's construction. *Id.* However, the Fourth Circuit rejected APCO's argument because the landowners did not challenge APCO's duties to FERC. In addition, the landowners did not "dispute the extent of APCO's authority over the property in the event the flowage easement provides APCO with sufficient property rights." *Id.* Instead, the landowners argued the language of the easement did not grant APCO the property rights necessary to regulate the dock. *Id.* As APCO also never sought to condemn the property, the Fourth Circuit found the issue essentially boiled down to a question of what rights, if any, APCO had under the easement to constrain the landowners' use of the property, which the Court held did "not necessarily raise a federal question." *Id.* at 303-04.

The Fourth Circuit also addressed APCO's alternative argument that "the scope of the flowage easement" was dependent upon "its FERC license to determine the reasonable limit of its rights under the easement." *Id.* at 304 (citation omitted). However, the Fourth Circuit stated that "a claim 'necessarily depends on a question of federal law only when <u>every</u> legal theory

supporting the claim requires the resolution of a federal issue.'" *Id.* (quoting *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 182 (4th Cir. 2014); other citation omitted). Therefore, "if even one theory for interpreting the flowage easement does not involve interpretation of federal law, the claim does not 'arise under' federal law." *Id.* (citation omitted).

Relying upon this requirement, the Fourth Circuit noted that it has rejected arguments similar to APCO's in other cases. For instance, in *Drain*, Columbia Gas brought a declaratory action in federal court to enforce an easement involving a regulated gas line. 191 F.3d at 553-54. The issue presented was the width of the easement, which was not explicitly set forth in the easement itself. *Id.* at 553. Columbia Gas also sought an injunction preventing the landowner from encroaching on the easement. *Id.* The landowner counterclaimed, asserting an unconstitutional taking of her property. *Id.* at 554. On appeal, the landowner challenged subject matter jurisdiction and argued the action involved "nothing more than a standard state law action to enforce an easement over her property." *Id.* The Fourth Circuit agreed, finding that "neither the Natural Gas Pipeline Safety Act nor the Natural Gas Act, read separately or . . . '*in pari materia*'" creates federal-question jurisdiction over this quintessential state law claim" to determine the width of the easement. *Id*. Although federal regulations might be one of many factors a court considers, federal jurisdiction does not exist because federal law is not a necessary element of the state law claim. *Id.* at 558.

Likewise, in this case, whether Plaintiff is entitled to an easement is dependent upon the application of state property law, lying within the expertise of the state courts. Columbia Gas's argument that federal law and regulations restrict Plaintiff's use of any easement she may be

declared to have is a completely separate issue than whether the easement actually exists under state law. Although the state court may consider federal regulations in fashioning a remedy, federal law is not a necessary element of any of her causes of action. Therefore, "because federal law does not create [Plaintiff's] cause of action and because 'vindication of [her] rights under state law' does not 'turn[] on some construction of federal law,' general federal-question jurisdiction under section 1331 will not lie." *Drain*, 191 F.3d at 559 (quoting *Merrell Dow*, 478 U.S. at 808).

Moreover, in addition to a federal question not being "necessarily raised," the Court finds the other *Gunn-Grable* factors of little help to Columbia Gas. First, the Court finds that resolution of Plaintiff's state law claims of easement by necessity, prescriptive easement, and easement by implication do not raise a federal question, let alone substantial federal questions that could be precedent setting in future federal cases. Plaintiff's assertion she has an easement that predates Columbia Gas's easement will require a fact specific inquiry that will be unique to this case. If the facts warrant a declaratory judgment in Plaintiff's favor, it will be an isolated decision that will not impact the federal system as a whole. Second, the Court finds that asserting federal jurisdiction over these quintessential state-law property claims would disrupt "the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. The state court is perfectly capable of determining if Plaintiff has an easement under state law, and this Court would be recalcitrant to disrupt that balance under the facts of this case.

Columbia Gas, however, argues that adjudication of Plaintiff's claims will require a court to determine if the use of an easement granted to Plaintiff will circumvent federal law and conflict with Columbia Gas's exclusive rights under its agreements with Boggess and Sowards.

As previously mentioned, Plaintiff's ability to establish she had an easement predating Columbia Gas's agreements, or otherwise is entitled to an easement, is not contingent upon resolving a question of federal law. Jurisdiction must exist by virtue of Plaintiff's claims, not any defenses Columbia Gas may raise. As explained in *Bowyer v. Rover Pipeline, LLC*, No. 1:16-cv-203, 2017 WL 342057 (N.D. W. Va. Jan. 23, 2017), "the Supreme Court's analysis of whether a substantial federal question exists has consistently focused on the plaintiff's 'right to relief,' not his request for a remedy. Simply put, [the plaintiff's] remedy requests have no bearing on whether he has a right to declaratory relief under West Virginia law." 2017 WL 342057, at *4 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28; *Merrell Dow*, 478 U.S. at 808). If the plaintiff establishes an entitlement to declaratory relief under West Virginia law, then the state court "will be tasked with determining the proper scope of [the plaintiff's] available remedy. That such a determination may involve reference to federal law is insufficient to raise a substantial federal question." *Id.* (citing *Aegis Defense Servs., LLC v. Chenega-Patriot Grp., LLC*, 141 F. Supp. 3d 479, 487 (E.D. Va. 2015)). In other words, if the state court declares here that Plaintiff is entitled to an easement as a matter of state law then the court may refer to federal law to determine the scope of the easement.

In support of its position that infrastructure easements present federal questions, Columbia Gas cites *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227 (10th Cir. 2006), and *Old Dominion Electric Cooperative v. PJM Interconnection*, *LLC*, 24 F.4th 271 (4th Cir. 2022). In *Nicodemus*, the plaintiff landowners argued that the defendant railroad had exceeded the scope of its federally granted rights-of-way by entering into licensing agreements for telecommunication providers to use them in exchange for the railroad receiving monetary compensation. 440 F.3d at 1233–34. The Tenth Circuit found that the federal government had a "direct interest" in the case

because, by statute, it had "a reversionary interest in the lands when no longer used for their designated purposes." *Id*. at 1236 (citations omitted). Therefore, the Tenth Circuit found subject matter jurisdiction existed as there was a genuine dispute over the railroad's rights under federal law. *Id*. at 1237. On the other hand, in the present case, Columbia Gas obtained its right to the access road via a private contract with Boggess and Sowards, not through condemnation or some federal land grant. Therefore, this case is much different than *Nicodemus* where the federal government had a reversionary interest in the property itself.[4]

Likewise, the Court is not persuaded by Columbia Gas's reliance on *Old Dominion Electric Cooperative*. In that case, Old Dominion brought an action in state court "to recover certain electricity generation costs from [the defendant]" after it unsuccessfully sought the same relief before FERC. 24 F.4th at 274. The Fourth Circuit found the action challenged the enforceability of the defendant's FERC-approved tariff and sought to alter its terms, making Old Dominion's "right to relief . . . inextricably intertwined with federal law." *Id*. at 286, 289. Applying, in part, the *Gunn-Grable* framework, the Fourth Circuit found federal question jurisdiction existed. To the contrary, in this case, a decision of whether or not Plaintiff has a right to an easement is not a direct challenge to any federal law or regulations. Rather, any restrictions that may be placed on an easement is a matter of remedy, not right.

Finally, Columbia Gas argues that 15 U.S.C. § 717u of the NGA contemplates federal jurisdiction. This provision provides, in part:

---

[4] Additionally, the legal standard the Tenth Circuit used in *Nicodemus* to determine if a substantial federal question was at issue appears to "no longer be good law." *See Gilmore v. Weatherford,* 694 F.3d 1160, 1175 n.3 (10th Cir. 2012) (citation omitted).

> The District Courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder. . . . Any suit or action to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder may be brought in any such district or in the district wherein the defendant is an inhabitant, and process in such cases may be served wherever the defendant may be found.

15 U.S.C. § 717u, in part. However, other courts have rejected arguments that this provision divests state courts to hear common law claims where there is no alleged violation of the NGA. As stated in *Cardinal Energy, LLC v. Equitrans, LP*, No. 1:16-cv-187, 2016 WL 7413501 (N.D. W. Va. Dec. 22, 2016), "the adjudication of tort and contract claims properly lies with the state unless Congress clearly intends otherwise. Therefore, exercising federal question jurisdiction over state-law claims that do not allege violations of the NGA would 'disrupt[] the federal-state balance approved by Congress.'" 2016 WL 7413501, at *8 (quoting *Gunn*, 568 U.S. at 258)). Although in the current case Plaintiff seeks a declaration she has an easement under common law, the Court finds the same analysis applies because, at this point, Plaintiff is not alleged to have even violated the NGA and, in fact, she asserts she does not intend "to alter the use of the easement or violate any federal laws," but she "merely seeks the same use of the roadway as Defendants Kristy A. Smith, Troy Allen Tucker, and Joyce Sowards Boggess currently possess and enjoy." *Pl.'s Reply to Def. Columbia Gas Trans., LLC's Resp. in Opp. to Pl.'s Mot. to Remand*, at 1 n.1, & 3. Thus, under the circumstances, the Court finds her claim does not fall within the narrow set of cases subject to this provision.

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court finds federal question jurisdiction does not exist. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 8), **DENIES AS MOOT** the Motion for Amended Scheduling Order and Expedited Evidentiary Hearing (ECF No. 18) and the Motion for Leave to File a Surreply (ECF No. 32), **DENIES WITHOUT PREJUDICE** the Motion to Dismiss (ECF No. 5), and **REMANDS** this action back to the Circuit Court of Putnam County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     May 15, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE